NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-075-GFVT

TYRONE BRISCOE                                                                                    PETITIONER

VS:                           **MEMORANDUM OPINION AND ORDER**

H. A. RIOS, JR., Warden                                                                        RESPONDENT

Tyrone Briscoe, who is currently incarcerated at the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2] and he has paid the fee.

The petition is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND LEGAL CLAIMS

The petitioner has submitted a completed petition form in which he challenges his conviction and sentence in the District of Columbia.

Petitioner alleges that in 1997, in the Superior Court of the District of Columbia ("D.C."), case no. F-1212-94, a jury convicted him of murder, assault with intent to kill, and conspiracy to commit murder. He was sentenced to three life sentences. Briscoe went to the D.C. Court of Appeals, *pro se*, with an appeal and a motion to dismiss the indictment and/or be granted release on bail, that court assigning separate case numbers, 97-CF-1809 and 98-CF-284.

As the sole exhibit to the petition herein, Briscoe attaches a copy of a November 21, 2001 Order in the appellate court, which is styled for Appellant Briscoe, with the two case numbers 97-CF-1809 and 98-CF-284; someone named Maurice Proctor as another Appellant, his case being numbered 98-CF-625; and the United States as the Appellee. The introductory paragraph of the Order begins as follows:

> On consideration of the notices of appeal in these matters, and the motion of appellant Tyrone Briscoe to dismiss his indictment and/or to be granted release on bail, and no opposition having been filed, and it appearing that appellant Briscoe is currently proceeding on appeal *pro se* . . . .

Exhibit 1. The Court proceeded to sever the Plaintiff's 97-CF-1809 and 98-CF-284 claims, appoint separate counsel for him in each case, consolidate his 98-CF-284 case with Proctor's 98-CF-625, and set deadlines for the filing of briefs in all of these cases. The appellate court affirmed his convictions.

Petitioner alleges that he also filed a "Motion Under 23-110." The Court takes judicial notice that D.C.Code Ann. §23-110, <u>Remedies on motion attacking sentence</u>, is a means for a collateral challenge to a D.C. Superior Court Judgment of Conviction, just as 28 U.S.C. §2255 is the vehicle for those convicted in federal court. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). Briscoe first indicates that this motion was denied. Record No. 2 at 2.

Elsewhere in this petition, however, after again indicating that he filed a §23-110 motion with the trial court, he states that it is still pending in the trial court; and so he "[r]equest[s] that this proceeding be held in abeyance pending the disposition of the 23-110."

Petitioner's theory for being entitled to habeas relief from this Court goes back to the proceedings in the appellate court in 2001. He highlights the above-quoted language in the Order ("no opposition having been filed" to Briscoe's motion to dismiss and/or be granted release on bail), and he then claims as follows:

> The Government defaulted on direct appeal in 2001. All subsequent proceedings are illegitimate.
>
> . . . The court ordered the Government to respond by July 11, 2001. The Government failed to respond. All subsequent proceedings are illegitimate.

Record No. 2 at 5. "[E]very action after that is inadequate and ineffective with respect to correcting this error." *Id.* at 3.

The petitioner asks this Court to "enforce the default provisions of the laws of the District of Columbia." *Id.* at 8.

## DISCUSSION

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Because the instant petitioner's claims relate to the convictions obtained in the D.C. trial court and do not relate to how his sentence is being executed, his claims are not ordinarily

cognizable for this Court under 28 U.S.C. §2241. *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

There is an exception to the general rule, however. Both 28 U.S.C. §2255 and its D.C. equivalent, §23-110, provide a "savings clause." Using the same language, the statutes provide that a district court in the place of incarceration may address the merits of a claim about a conviction or sentence under its 28 U.S.C. §2241 jurisdiction, only if the petitioner makes a threshold showing that the remedy by collateral attack (§2255 or D.C. Code §23-110) is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255, ¶5; *Cohen v. United States*, 593 F.2d at 770-71; D.C.Code §23-110(g).

A petitioner has an affirmative duty to prove that an otherwise available remedy is inadequate or ineffective, and that this insufficiency entitles him to proceed under the savings clause. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (§2255 context); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (same); *Ford v. Wiley*, 168 Fed.appx. 877, 881 (11th Cir.2006) (§23-110 context).

Neither an earlier unsuccessful collateral attack nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. Nor is the collateral motion rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing. law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Section 2241 is also not a "catch all" remedy that may be invoked for simple convenience. *Charles*, 180 F.3d at 758.

Further, in addition to showing his remedies by collateral motion are inadequate to raise his claim, his claim must be one of "actual innocence" of the crime for which he was convicted,

4

as that term is defined in *Bousley v. United States,* 523 U.S. 614 (1998). In cases where the petitioner is seeking relief under §2241 from a federal (or D.C. Superior Court) conviction or sentence, "actual innocence" is defined as "factual innocence, not mere legal insufficiency." *Sawyer v. Holder,* 326 F.3d 1363, 1367 (11th Cir.2003) (citing *Bousley,* 523 U.S. at 623).

In *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003), the appellate court in this circuit showed how the inadequate and ineffective standard was met by Petitioner Martin and then discussed the actual innocence component for using the savings clause. Actual innocence must be predicated upon a Supreme Court opinion, decided after the petitioner's conviction became final, wherein the Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Id.*; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").

In the instant case, Petitioner Briscoe has failed to carry his burden of demonstrating the ineffectiveness or inadequacy of a collateral attack, as the petitioner in *Martin* had demonstrated. He has had earlier opportunities to raise the instant claim in the six years since the purported "default" occurred; he could have raised it on the appeal where and when it occurred or in an earlier collateral attack. Also unlike Martin, Briscoe's trial court did not convict him of conduct "that the law does not make criminal" in light of any Supreme Court decision handed down after his direct appeal or a first collateral attack on his conviction.

Two courts have already told Briscoe that a remedy is not considered inadequate or ineffective simply because the requested relief has been denied.  In an earlier §2241 proceeding urging claims of prosecutorial misconduct and ineffective assistance of counsel, the federal court advised this petitioner as follows:

> . . . Absent a showing of an adequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." Garris v. Lindsay, 794 F.2d 722, 726 (D.C.Cir. 1986), cert. denied, 479 U.S. 993 (1986) (internal footnote omitted); see also Byrd v. Henderson, 119 F.3d [34, 37 (D.C. Cir. 1997)]. . . . "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," Saleh v. Braxton, 788 F.Supp. 1232 (D.D.C. 1992), so long as the petitioner is provided "a full and fair opportunity to litigate a colorable claim in the District of Columbia courts." Garris v. Lindsay, 794 F.2d at 727.
>
> Petitioner . . . appears to have pursued relief in the District of Columbia courts by motion under §23-110 – albeit unsuccessfully. . . . The local courts' denial of relief does not render the remedy inadequate or ineffective. See Garris v. Lindsay, 794 F.2d at 727; Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999) (and cases cited therein).

Order, Docket Entry 2, entered September 24, 2002, in *Briscoe v. Conners*, D.C.D.C. No 02-1578 (CKK).  The district court concluded that it lacked jurisdiction over the §2241 proceeding and dismissed the petition.

> On appeal, the Court of Appeals for the D.C. Circuit wrote, *inter alia*:
>
> Appellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C.Code Ann. §23-110(g) is inadequate or ineffective to test the legality of his detention. *See, e.g., Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C.Cir.1998).  The §23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied.  *See Garris v. Lindsay*, 794 F.2d 722, 725 (D.C.Cir.1986).

*Briscoe v. Conners*, 2003 WL 21321415, *1 (D.C.Cir. 2003) (not reported in F.3d).

Petitioner Briscoe knows the standards which must be met and has again failed to meet them. He has not shown that a §23-110 motion was inadequate or ineffective to test the legality of his detention, and he has not even alleged "actual innocence" of the crimes of which he was convicted. Therefore, this petition for a writ of habeas corpus pursuant to §2241 must be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Tyrone Briscoe's petition for a writ of habeas corpus is **DENIED**;

(2) this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 31st day of May, 2007.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**